# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAUL CHIRIACO,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-13165** |
| **SOUTHERN FIDELITY<br>INSURANCE COMPANY,**<br>    Defendant | **SECTION: "E" (3)** |

## ORDER AND REASONS

This matter comes before the Court on the motion to remand filed by the Plaintiff, Paul Chiriaco.[1] On September 12, 2016, the Defendant filed its Opposition[2] in addition to a Request for Oral Argument.[3] On September 15, 2016, the Court, in addition to denying the Defendant's request for oral argument, allowed Mr. Chiriaco ten days to amend his affidavit stipulating damages to properly demonstrate it was a "legal certainty" that he will not be able to recover above $75,000.00.[4] On September 22, 2016, Mr. Chiriaco filed a new affidavit.[5] The Court finds Plaintiff's newly filed affidavit is sufficient to demonstrate that it is a "legal certainty" he will not be able to recover damages beyond the jurisdictional amount. For the reasons that follow, the motion to remand is **GRANTED**, and this action is hereby remanded to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

## FACTUAL & PROCEDURAL BACKGROUND

This case involves the state-law breach of contract claims of Paul Chiriaco against Southern Fidelity Insurance Company. On June 6, 2016 Plaintiff, Paul Chiriaco, filed suit

---

[1] R. Doc. 6.
[2] R. Doc. 8.
[3] R. Doc. 9.
[4] R. Doc. 10.
[5] R. Doc. 11.

against the Defendant in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana. The case was removed to this Court on the basis of federal diversity jurisdiction on July 25, 2016.[6]

This case stems from vandalism and theft regarding the Plaintiff's property. Mr. Chiriaco alleges, on or about June 5, 2015, while he was in the process of vacating his property for renovations, the property in question was subjected to vandalism and theft.[7] Mr. Chiriaco alleges upon discovery of the damages to the property, he contacted the Defendant to open up a claim and "also requested an estimate for the value of property lost or damaged, during this incident."[8] According to Mr. Chiriaco, "To date, Defendant has failed to provide Plaintiff with an estimate of damages despite his request."[9] Mr. Chiriaco maintains his "proof of loss fully advised Defendant of the facts of each claim and was more than sufficient to enable the insurer to act on each claim."[10] As a result, Mr. Chiriaco alleges, "Defendant has wrongfully failed to act on the claim," and, "[i]n so doing, Defendant has breached the express terms and conditions of the policy and has otherwise denied Plaintiff the insurance coverage promised by the Defendant in a manner that has been arbitrary, capricious, and without probable cause."[11]

The Defendant removed Mr. Chiriaco's claims to this Court on July 25, 2016, citing the Court's jurisdiction over diversity-of-citizenship cases under 28 U.S.C. § 1332.[12] In this Notice of Removal, the Defendant alleged that Mr. Chiriaco is a citizen of Louisiana.[13]

---

[6] R. Doc. 1.
[7] R. Doc. 1-1, at 2.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] R. Doc. 1, at 2.
[13] *Id.*

The Defendant alleged it is incorporated under the laws of the State of Florida with its address and principal place of business in Tallahassee, Florida.[14] The Defendant alleged "plaintiff's policy limits . . . clearly states a limit of liability of $294,900.00 for dwelling coverage," and therefore "the amount in controversy is clearly beyond the $75,000.00 requirement."[15]

On August 24, 2016 the Plaintiff filed a Motion to Remand.[16] Mr. Chiriaco contends the amount-in-controversy requirement of $75,000.00, exclusive of interest and costs, is not satisfied in this case.[17]

## **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress.[18] Federal law allows for state civil suits to be removed to federal courts in certain instances. Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[19]

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[20] When removal is based on federal diversity jurisdiction, the removing party must show that (1) complete diversity of citizenship exists between the parties, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest

---

[14] *Id.* at 3.
[15] *Id.*
[16] R. Doc. 6.
[17] *Id.* at 2.
[18] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[19] 28 U.S.C. § 1441(a).
[20] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

and costs[21] "The jurisdictional facts supporting removal are examined as of the time of removal."[22] "Ambiguities are construed against removal and in favor of remand because removal statutes are to be strictly construed."[23]

## LAW AND ANALYSIS

Chiriaco argues the amount in controversy in this case does not exceed $75,000.00.[24] In support, Chiriaco points to an "Affidavit" executed by him, in which he stipulates the amount of controversy is less than $75,000.00, waives any right to damages over $75,000.00 and agrees not to enforce a judgment in which more than $75,000.00 is awarded.[25] Defendant argues, in response, that it is facially apparent from the state-court petition the amount in controversy exceeds $75,000.00 and, for that reason, Chiriaco's "Affidavit" should not be considered.[26]

The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to 1332(a)(1)."[27] Because Louisiana law prohibits state-court plaintiffs from claiming a specific amount of damages,[28] the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the $75,000.00 jurisdictional amount at the time of removal.[29] The removing defendant may meet its

---

[21] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[22] *Poche v. Eagle, Inc.*, No. 15-5436, 2015 WL 7015575, at *2 (E.D. La. Nov. 10, 2015) (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)).
[23] *Poche*, 2015 WL 7015575, at *2 (citing *Manguno*, 276 F.3d at 723).
[24] R. Doc. 6 at 2, ¶ 4.
[25] R. Doc. 11 at 2, ¶ 7-8.
[26] R. Doc. 8 at 1-2; 6-7.
[27] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). *See also Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[28] *See* LA. CODE CIV. PROC. Art. 893.
[29] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett*, 171 F.3d at 298.

burden in one of two ways, either (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000.00 jurisdictional threshold, or (2) by offering "summary-judgment type evidence" of facts in controversy, which support a finding that the requisite amount was in controversy.[30]

Even if the removing defendant meets its burden in either of these ways, a plaintiff may defeat removal by showing, to a legal certainty, that its recovery will be less than $75,000.00.[31] A plaintiff's post-removal affidavit or stipulation offered for this purpose may be considered in limited circumstances. If the amount in controversy is not facially apparent from the allegations in the state court petition and, in fact, is ambiguous at the time of removal, the court may consider a post-removal affidavit or stipulation to assess the amount in controversy as of the date of removal.[32] If, on the other hand, the amount in controversy is clear from the face of the state court petition, post-removal affidavits or stipulations that purport to reduce the amount of damages a plaintiff seeks cannot deprive the court of jurisdiction.[33]

In this case, Southern Fidelity Insurance Company bears the burden of showing by a preponderance of the evidence the amount in controversy exceeds $75,000.00.

---

[30] *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). *See also Simon*, 193 F.3d at 850; *Luckett*, 171 F.3d at 298.
[31] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995). *See also Sterns v. Scottsdale Ins. Co.*, No. 09-6449, 2010 WL 2733771, at *3 (E.D. La. July 8, 2010).
[32] *Gebbia*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores v. Dow Quimica de Columbia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (When the affidavit "clarify[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper.). *See also Cummings v. Winn-Dixie Montgomery, LLC*, No. 15-195-SDD-RLB, 2015 WL 4772185 (M.D. La. Aug. 12, 2015); *Nelson v. Nationwide Mut. Ins. Co.*, 192 F. Supp. 2d 617, 619 (E.D. La. 2001) ("[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.").
[33] *Gebbia*, 233 F.3d at 883.

Defendant attempts to meet its burden to show the amount in controversy exceeds $75,000.00 by arguing it is "facially" apparent from the allegations in the state court petition[34] and by offering "summary-judgment" type evidence.[35] First, although Chiriaco alleges damage to his property and the existence of an insurance policy with Southern Fidelity, Chiriaco does not specify the amount of damages he is claiming in the state court petition. Instead, he alleges he is owed the amount of the policy, less amounts already tendered by the Defendant.[36] Because the amount already tendered is not specified, it is not facially apparent that the amount in controversy exceeds $75,000.00. Second, Defendant attached Plaintiff's insurance policy to its Motion to Remand as "summary-judgment" type evidence.[37] However, the attached insurance policy fails to establish the amount already tendered by the Defendant. Therefore, the amount in controversy remains ambiguous. Having considered the parties' arguments and the applicable law, the court finds Southern Fidelity has not met its burden, as the amount in controversy in this case is not facially apparent from the allegations in Chiriaco's state court petition and the attachment of the insurance policy alone does not establish the amount in controversy. The Court finds that, as of the date of removal, the amount in controversy was ambiguous.

Because the amount in controversy was ambiguous at the time of removal the Court may consider a post-removal affidavit. Chiriaco's newly attached affidavit is sufficiently binding. Chiriaco's "Affidavit," executed on September 21, 2016, stipulates the amount in controversy is less than $75,000.00 and agreed "that under no circumstances

---

[34] R. Doc. 8 at 1-2.
[35] *See* R. Doc. 8-2.
[36] R. Doc. 1-1 at 4, ¶ 22.
[37] *See* R. Doc. 8-2.

will affiant have the right to accept or enforce a judgment in excess of $75,000.000 in the event affiant is awarded such a judgment in state court." [38] A plaintiff's stipulation regarding the amount in controversy is binding "if, within that stipulation, [he] expressly renounced his right to recover in excess of $75,000.00 in the event he was awarded above that amount in state court."[39] A plaintiff's stipulation that the amount in controversy is not satisfied is binding "if, within that stipulation, [he] expressly renounced his right to recover in excess of $75,000.00 in the event he was awarded above that amount in state court.[40] In this case, Mr. Chiriaco has (1) expressly stipulated, by way of a binding affidavit, that the amount in controversy does not exceed $75,000.00, (2) waived any damages over $75,000.00, and (3) agreed to not enforce a judgment in which more than $75,000.00 is awarded.[41] Because Mr. Chiriaco has expressly renounced his right to recover in excess of $75,000.00, the Court finds it is without jurisdiction to hear this matter. Remand is warranted.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion to remand this case to state court is **GRANTED**,[42] and this case is hereby remanded to the 34th Judicial

---

[38] R. Doc. 11 at 2, ¶ 7-8.
[39] *McGlynn v. Huston,* 693 F. Supp. 2d 585, 593 (M.D. La. 2010). *See also Cummings*, 2015 WL 4772185, at *4; *Guidry v. Murphy Oil USA, Inc.*, No. 12-559-SDD-RLB, 2013 WL 4542433, at *7 (M.D. La. Aug. 27, 2013); *Printworks, Inc. v. Dorn. Co., Inc.*, 869 F. Supp. 436, 440 (E.D. La. 1994) (stipulations which "fall short of stipulating that the claimant will not seek more than the jurisdictional amount" are not binding). *See also Latiolais v. Union Pacific R. Co.*, No. 6:14-2582, 2014 WL 6455595, at *2 (W.D. La. Nov. 12, 2014); *Smith v. State Farm Mut. Aut. Ins. Co.*, No. 09-6522, 2010 WL 3070399, at *2 (E.D. La. Aug. 3, 2010) ("Ambiguity over the amount in controversy was created by the pre-removal petition's allegation that the claims would likely exceed that amount. Through binding affirmative post-removal affidavits attached to the second remand motion, plaintiffs have met their burden of clarifying with legal certainty that their claims at the date of filing in state court are for less than the diversity jurisdictional amount. Therefore, remand is warranted.").
[40] R. Doc. 6-2 at 2, ¶ 6 ("That upon information and belief, Plaintiff irrevocably stipulates that the damages claimed in his original Petition for Damages do not or will not exceed $75,000.00 in value.").
[41] R. Doc. 11 at 2, ¶ 7-8.
[42] R. Doc. 6.

District Court for the Parish of St. Bernard, State of Louisiana.

**New Orleans, Louisiana, this 26th day of September, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**